UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR )
ENVIRONMENTAL RESPONSIBILITY, )
2000 P Street NW, Suite 240 )
Washington, D.C. 20036 ) Civil Action No. 1:15-cv-1012
 )
    Plaintiff, )
 ) **COMPLAINT**
    v. )
 )
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY OFFICE OF THE )
INSPECTOR GENERAL )
1200 Pennsylvania Avenue, NW )
Washington, D.C. 20460 )
 )
    Defendant. )

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the Office of the Inspector General of the United States Environmental Protection Agency ("EPA-OIG") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On April 6, 2015, Plaintiff sent a FOIA request seeking records related to EPA-OIG's investigation of a potential criminal violation of the federal revolving door prohibitions (18 U.S.C. § 207) involving a former U.S. Chemical Safety and Hazard Investigation Board ("CSB") board member who became a lobbyist for Chevron USA.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period may only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has failed to produce any records in response to Plaintiff's April 6, 2015 FOIA request, No. EPA-HQ-2015-005960.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. EPA-OIG is frustrating Plaintiff's efforts to educate the public about EPA-OIG's response to serious allegations of criminal misconduct in an important safety oversight board.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

11. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, EPA-OIG, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## **STATEMENT OF FACTS**

17. On February 2, 2014, then-chair of the CSB, Rafael Moure-Ersao's requested that EPA-OIG investigate detailed allegations of a potential violation of the federal revolving door prohibitions (18 U.S.C. § 207). The allegations involved a former CSB board member who became a lobbyist for Chevron USA ("Chevron") shortly after leaving the board and improperly interpleaded before the CSB on behalf of Chevron.

18. On April 6, 2015, PEER requested records reflecting what actions EPA-OIG took in response to Mr. Moure-Ersao's request. Specifically, PEER requested:

    a. *The Report of Investigation or other written memorialization of any EPA-OIG inquiry into this allegation;*

    b. *Any decision memos of a decision not to conduct an inquiry into this allegation; and*

    c. *Any communications after February 6, 2014 between EPA-OIG personnel and any outside or non-OIG party concerning the subject matter of this allegation.*

19. In a letter to Plaintiff dated April 16, 2015 with the subject line "Re: Request Number EPA-HQ-2015-005960," EPA stated that the total fee that would be incurred would be de minimus. The letter did not indicate the date on which EPA received Plaintiff's request.

20. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need for a ten day extension. *See also* 43 C.F.R. § 2.16.

21. Twenty working days from April 6, 2015 (the date of Plaintiff's request) was May 4, 2015. Twenty working days from April 16, 2015 (the date of the letter from EPA headquarters) was May 14, 2015. As of this June 29, 2015 filing, Plaintiff has not received any records responsive to its April 6, 2015 FOIA request, nor any word from Defendant.

22. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative

remedies for its April 6, 2015 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

23. Plaintiff incorporates the allegations in the preceding paragraphs.

24. Defendant's failure to disclose the records requested under Request No. EPA-HQ-2015-005960 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the EPA's regulations promulgated thereunder, 40 C.F.R. § 2.100 *et. seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on June 29, 2015,

　　/s/ Laura Dumais　　　
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Counsel for Plaintiff*